# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT J. WHITEMAN, Jr.,**<br>**Inmate No. 60495-066,**<br><br>　　　　　　　　　　Petitioner,<br><br>vs.<br><br>**FEDERAL BUREAU OF PRISONS and**<br>**WARDEN WILLIAMS/FCI DANBURY,**<br><br>　　　　　　　　　　Respondents. | Case No. 18-cv-01653-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

　　　Petitioner Robert J. Whiteman, Jr., an inmate who is currently incarcerated at the United States Penitentiary located in Marion, Illinois ("USP-Marion"), filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner challenges sanctions imposed against him for a prison mail rule violation at FDC Philadelphia. (Doc. 1, pp. 1-15). He seeks expungement of the disciplinary ticket (Incident Report #2828223) and reinstatement of 27 days of good conduct credit. (Doc. 1, p. 8).

　　　This action was transferred to the Southern District of Illinois on August 29, 2018, after Petitioner transferred to a prison located in this federal judicial district. (Doc. 24). Respondent filed a Response (Doc. 14) to the Petition, and Petitioner will be granted time to reply to any factual or legal matters raised by Respondent therein. In addition, William True, who is the Warden of USP-Marion, shall be named in place of the Federal Bureau of Prisons and Warden Williams / FCI Danbury as the proper respondent. *Bridges v. Chambers*, 425 F.3d 1048 (7th Cir. 2005); *al-Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir. 2004) (proper respondent in federal habeas action brought under § 2241 is the person having custody of the petitioner).

### Disposition

**IT IS HEREBY ORDERED** that Petitioner shall file a Reply within thirty days of the date this Order is entered (on or before October 29, 2018).[1]

**IT IS ALSO ORDERED** that Respondents **FEDERAL BUREAU OF PRISONS** and **WARDEN WILLIAMS / FCI DANBURY** are **DISMISSED** without prejudice from this action, and **WARDEN WILLIAM TRUE** is hereby **SUBSTITUTED** as Respondent, based on Petitioner's current confinement at USP-Marion. *See Bridges v. Chambers*, 425 F.3d 1048 (7th Cir. 2005); *al-Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir. 2004).

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Administrative Order No. 132, Local Rule 72.2(b)(3), and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.* The Clerk is **DIRECTED** to provide Petitioner with information regarding the benefits of consenting to the referral of habeas cases to a United States Magistrate Judge.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Dated: September 28, 2018

                                                        s/ STACI M. YANDLE
                                                        **District Judge**
                                                        **United States District Judge**

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.